## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASBROUCK HEIGHTS BOARD OF EDUCATION,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>GOOGLE LLC,<br>a Delaware limited liability company,<br><br>　　and<br><br>YOUTUBE, LLC,<br>a Delaware limited liability company,<br><br>　　and<br><br>JMO PRODUCTIONS,<br><br>　　and<br><br>DOES 1-100, | Case No.:<br><br><br><br>**COMPLAINT FOR PERMANENT INJUNCTION, CIVIL PENALTIES, AND OTHER EQUITABLE RELIEF** |

　　　　Plaintiff, Hasbrouck Heights Board of Education, a public school district in the State of New Jersey, and a political subdivision of the State of New Jersey, by their attorneys, the Machado Law Group, for their Complaint allege that:

　　　　1.　　Plaintiff brings this action to obtain monetary civil penalties and damages, restitution, or other compensation, a permanent injunction, and other equitable relief for Defendants' violations of the Children's Online Privacy Protection Act of 1998, 15 U.S.C. 6501, *et seq*. and its implementing regulation Children's Online Privacy Protection Rule, 16 C.F.R. Part 312 ("Rule" or "COPPA"), and the Defendants' willful and knowing actions in violation of 18 U.S.C. § 2710 (Video Privacy Protection Act).  In addition, the Defendants' conduct gives rise to the tort of intrusion upon seclusion, and trespassing.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), and 56(a), and 15 U.S.C. § 6504(a)(1), and 18 U.S.C. § 2710 (Video Privacy Protection Act).

3. The Defendants have voluntarily submitted themselves to the jurisdiction of this Court and jurisdiction is proper because, among other things:

(a) All Defendants directly and purposefully obtained, misappropriated, and used information relating to wire or electronic communications of individuals living in New Jersey;

(b) All Defendants committed tortious acts within the state of New Jersey by misappropriating personal information, including but not limited to video viewing habits, and/or wire or electronic communications of citizens of New Jersey and otherwise violating the Video Privacy Protection Act;

(c) Plaintiff's causes of action directly arise from the Defendants' transaction of business in New Jersey;

(e) By virtue of their activities in New Jersey, the Defendants should reasonably anticipate responding to civil actions filed in New Jersey to answer for their unlawful acts, and New Jersey has a strong interest in providing a forum for its residents aggrieved by violations of federal law.

## THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT

4. Congress enacted COPPA in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of Internet websites and online services. COPPA directed the Commission to promulgate a rule implementing COPPA. The Commission promulgated the COPPA Rule on November 3, 1999, under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 553. The Rule went into effect on April 21, 2000. The Commission promulgated revisions to the Rule that went into effect on July 1, 2013.

5. The Rule applies to any operator of a commercial website or online service directed to children under 13 years of age that collects, uses, and/or discloses personal information from children, or on whose behalf such information is collected or maintained. Personal information is "collected or maintained on behalf of an operator when . . . [t]he operator benefits by allowing another person to collect personal information directly from users of such Web site or online service." 16 C.F.R. § 312.2. The definition of "personal information" includes, among other things, "first and last name," "online contact information," and a "persistent identifier that can be used to recognize a user over time and across different Web sites or online services," such as a "customer number held in a cookie . . . or unique device identifier." 16 C.F.R. § 312.2.

6. The Rule can also apply to websites or online services that collect personal information from users of other child-directed websites or online services. Under the Rule, a website or online service is "deemed directed to children when it has actual knowledge that it is collecting personal information directly from users of another Web site or online service directed to children." 16 C.F.R. § 312.2.

3

## **VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT ("VPPA")**

7. The Video Privacy Protection Act, 18 U.S.C. §2710 ("VPPA") regulates disclosure of records concerning the rental, sale or delivery of prerecorded video cassette tapes or similar audiovisual materials.

8. The VPPA makes it unlawful for a video service provider to "knowingly disclose[s] personally identifiable information concerning any consumer of such provider."

## **PLAINTIFFS**

9. Plaintiff is the Hasbrouck Heights Board of Education, which is a public school district in the State of New Jersey.

## **DEFENDANTS**

10. Defendant Google LLC is a Delaware limited liability company with its principal place of business in Mountain View, California. Google LLC transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with others, Google LLC has advertised, marketed, and distributed its YouTube video sharing platform to consumers throughout the United States. At all times material to this Complaint, acting alone or in concert with Defendant YouTube, LLC, Google LLC formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

11. Defendant YouTube, LLC is a Delaware limited liability company with its principal place of business in San Bruno, California and is a wholly owned subsidiary of Google LLC. YouTube, LLC transacts or has transacted business in this district and throughout the United States. At all times material to this Complaint, acting alone or in concert with Defendant Google LLC, YouTube, LLC has advertised, marketed, and distributed its YouTube video sharing platform to consumers throughout the United States. At all times material to this

Complaint, acting alone or in concert with Defendant Google LLC, YouTube, LLC formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

12. Upon information and belief, Defendant Joseph Morillo is doing business as JMO Productions.

13. Upon information and belief, DOE defendants share liability in the actions of locating, trespassing, filming, producing, and posting/reproducing the subject video.

## DEFENDANTS' BUSINESS PRACTICES

14. Defendants provide a video-sharing platform on the Internet at www.youtube.com and on mobile applications (collectively, "YouTube") on which, among other things, consumers can view videos or upload video content to share.

15. In general, Defendants do not require users to register or create an account in order to view videos on YouTube. As a result, anyone can view most content on YouTube regardless of age. Defendants do limit certain activities on the platform, such as commenting on videos, to users that are logged in to a Google account. Comments can display the user's name and are publicly available for others to view.

16. In order to create a Google account, Defendants require the user to provide first and last name, e-mail address, and date of birth. A user can create an account by linking to an account "set up" page from any video or channel on YouTube, including videos and channels that are directed to children. Defendants prevent users who identify as under 13 from creating an account. Users are not automatically logged off when they exit YouTube; as a result, many users are logged in for extended periods of time.

17. In order to upload content on YouTube, users must have a Google account and then can create a "channel" to display their content. These users ("channel owners") can set "key

words" for their channel that help other users searching for videos on YouTube find their channel. Channel owners can also set key words for individual videos they upload and choose whether to enable comments.

## GENERAL ALLEGATIONS

18. Defendant JMO and DOE defendants did knowingly trespass on the Plaintiff's property, to video record a music video, on or around June of 2021.

19. Defendants' video portrays several males rapping, in images clearly displaying the Plaintiff's property. The lyrics to the music include glorification of sexual acts and violence. The lyrics also glorify drug use, and the video itself displays the use of what appears to be drugs and is certainly suggestive of same.

20. Defendants also include several young children in the video. These children are students of the Plaintiff and were using the Plaintiff's property to play.

21. Upon information and belief, Defendants asked the children to be a part of the video.

22. Upon information and belief, the children are all under the age of twelve, and most are in elementary school.

23. Defendants then posted the video to Defendant YouTube's internet service.

24. The parents of the children immediately contacted Plaintiff. Plaintiff demanded to Defendants that the video be removed.

25. To date, Defendant YouTube has failed to respond whatsoever to this request.

26. Defendant JMO has removed the video from its "channel," however, the video continues to appear on other channels on YouTube.

## COUNT I

## VIOLATIONS OF THE CHILDREN'S ONLINE PRIVACY PROTECTION RULE

27. Defendants are "operators" as defined by the Rule, 16 C.F.R. 312.2.

28. Defendants collect personal information from children under the age of 13 through YouTube channels that are websites or online services directed to children.

29. In numerous instances, in connection with the acts and practices described above, Defendants collected, used, and/or disclosed personal information from children in violation of the Rule, including by:

    a. Failing to provide sufficient notice on their website or online service of the information they collect, or is collected on their behalf, online from children, how they use such information, their disclosure practices, and all other required content, in violation of Section 312.4(d) of the Rule, 16 C.F.R. § 312.4(d);

    b. Failing to provide direct notice to parents of the information Defendants collect, or information collected on Defendants' behalf, online from children, how they use such information, their disclosure practices, and all other required content, in violation of Sections 312.4(b) and (c) of the Rule, 16 C.F.R. § 312.4(b)-(c); and

    c. Failing to obtain verifiable parental consent before any collection or use of personal information from children, in violation of Section 312.5 of the Rule, 16 C.F.R. § 312.5.

30. Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or affecting commerce in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## COUNT II

## VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT ("VPPA")

31. Plaintiff incorporates all preceding and subsequent paragraphs as though fully set forth herein.

32. The Video Privacy Protection Act, 18 U.S.C. §2710 ("VPPA") regulates disclosure of records concerning the rental, sale or delivery of prerecorded video cassette tapes or similar audiovisual materials.

33. The VPPA makes it unlawful for a video service provider to "knowingly disclose[s] personally identifiable information concerning any consumer of such provider."

(a) As defined in 18 U.S.C. §2710(a)(3), "personally identifiable information" is that which "identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

(b) As defined in 18 U.S.C. §2710(a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale or delivery of prerecorded video cassette tapes or similar audiovisual materials."

34. Defendant YouTube is a "video tape service provider" within the meaning of 18 U.S.C. §2710(a)(4) because it is a person engaged in the business of the delivery of prerecorded video cassette tapes or similar audio-visual materials as defined by the VPPA.

35. Defendant YouTube violated the VPPA by knowingly disclosing the children's personally identifiable information.

36. As a result of the above violations and pursuant to 18 U.S.C. §2710, Defendants are liable to Plaintiffs; reasonable attorney's fees and other litigation costs; injunctive and declaratory relief; and punitive damages in an amount to be determined by a jury, but sufficient to prevent the same or similar conduct by the Defendants in the future.

## COUNT III

## INTRUSION UPON SECLUSION

37. Plaintiff incorporates all preceding and subsequent paragraphs as though fully set forth herein.

38. In tracking the electronic communications and video materials requested and obtained by minor children under the age of 13 without the consent of the children or their legal guardians, the Defendants intentionally intruded upon the plaintiffs' solitude or seclusion in that they took information from the expected safety of school grounds, of minor children under the age of 13 without even an attempt to gain permission from the parents or guardians of said minor children.

39. The minor children under the age of 13, did not, and, by law, could not have consented to the Defendants' intrusion.

40. The Defendants' intentional intrusion on solitude or seclusion of the minor children under the age of 13, would be highly offensive to a reasonable person.

## COUNT IV

## TRESPASS

41. Plaintiff incorporates all preceding and subsequent paragraphs as though fully set forth herein.

42. Defendants did willingly and knowingly criminally trespass on Plaintiff's property in violation of N.J.S.A. 2C:18-3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully prays for judgment against the defendants as follows:

(a) For a declaration that the Defendant's actions violated 18 U.S.C. § 2710;

(b) For a declaration that the Defendants' actions violated 18 U.S.C. §2510 et seq.;

(c) For a declaration that the Defendants' actions violated Children's Online Privacy

Protection Act of 1998;

(d) For a declaration the Defendants unlawfully intruded upon the seclusion of the plaintiffs, minor students under the age of 13;

(e) For all actual damages, statutory damages, penalties, and remedies available for the Defendants' violations of the Video Privacy Protection Act, 18 U.S.C. § 2710 and the Wiretap Act, 18 U.S.C. §2510 et seq.;

(f) That judgment be entered against Defendants for statutory damages pursuant to 18 U.S.C. §2520(b)(2);

(g) For all actual, statutory and liquidated damages, penalties, and remedies available for Defendant Viacom's violations of the Video Privacy Protection Act, 18 U.S.C. §2710;

(h) That Plaintiff recover pre-judgment and post-judgment interest as permitted by law;

(i) For an award to Plaintiff of their reasonable attorney's fees and other litigation costs reasonably incurred pursuant to 18 U.S.C. 2520(b)(3);

(j) That the Court enter an order granting Plaintiff a preliminary and permanent injunction restraining and enjoining Defendants from any acts described herein;

(k) That Defendants accessed Plaintiff's property in violation of N.J.S.A. 2C:18-3; and,

(l) That the Court grant such other and further relief as may be just and proper;

## JURY DEMAND

Plaintiff demands that all issues so triable in this Complaint be tried to a jury.

## CERTIFICATION

Pursuant to L. Civ. R. 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending, arbitration, or administrative proceeding to Plaintiff's knowledge.

        Respectfully Submitted,
        Machado Law Group


        Jessika Kleen, Esq.

Dated: July 15, 2021